```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **Baxter Bailey Investments, LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 11-3116<br>) |
| **Harrison Poultry, Inc., and Fay Gann,** | )<br>)<br>) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT HARRISON POULTRY'S MOTION TO DISMISS**

Before the Court is Defendant Harrison Poultry, Inc.'s ("Harrison Poultry") December 28, 2011 Motion to Dismiss. (ECF No. 5 (the "Motion"); see also Def.'s Mem., ECF No. 6.) Plaintiff Baxter Bailey Investments, LLC ("Baxter Bailey") responded on February 25, 2012. (See ECF No. 10) ("Pl.'s Resp.") Harrison Poultry replied on February 29, 2012. (Def.'s Reply"). For the following reasons, Harrison Poultry's Motion is GRANTED.

   **I.   Background**

   Baxter Bailey is a limited liability company that collects unpaid accounts assigned to it on behalf of unpaid carriers who "have assigned part of their financial interest in the unpaid accounts[,] . . . along with their causes of action and the right to collect the unpaid accounts." (Compl. ¶ 10, ECF No. 1-

1.)   Harrison Poultry allegedly hired Fay Gann ("Gann") to locate carriers to haul its freight. (Id. ¶ 10.) The carriers hauled Harrison Poultry's freight and submitted bills of lading, but neither Harrison Poultry nor Gann paid the carriers for services rendered. (Id. ¶ 14.) As the assignee, Baxter Bailey seeks payment from Harrison Poultry and Fay Gann for the unpaid balance. (Compl. ¶¶ 10-15.)

On November 16, 2011, Baxter Bailey filed suit in Tennessee Circuit Court, seeking payment under theories of implied contract, breach of contract, sworn account, and unjust enrichment. (Id. ¶¶ 16-23.) Harrison Poultry and Gann removed the case to federal court on December 21, 2011. (See Notice of Removal, ECF No. 1) (the "Notice of Removal.") Harrison Poultry's December 28, 2011 Motion seeks dismissal for lack of personal jurisdiction and insufficient service of process under Rules 12(b)(2) and (b)(5) of the Federal Rules of Civil Procedure.

**II.  Jurisdiction**

Under 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1). Baxter Bailey is a Tennessee limited liability company with its principal place of business in Shelby

County, Tennessee. (Compl. ¶ 7.) Harrison Poultry is a Georgia corporation with its principal place of business in Georgia. (Notice of Removal 2.) Gann is a Mississippi resident. (Id.) Baxter Bailey seeks to recover an outstanding balance of $105,427.00. (See Sworn Statement of Account, ECF No. 1-1.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied. The Court has subject-matter jurisdiction.

### III. STANDARD OF REVIEW

#### A. Service of Process

When a defendant files a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5), the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that service was made." Mullins v. Kalns, No. 99-4031, 2000 U.S. App. LEXIS 28063, at *8-9 (6th Cir. Nov. 3, 2000); see also Portis v. Caruso, No. 1:09-cv-846, 2010 U.S. Dist. LEXIS 94868, at *28 (S.D. Mich. July 28, 2010) ("The plaintiff bears the burden of proving that proper service was effected."); Grubb v. Collins, No. 1:09-cv-263, 2010 U.S. Dist. LEXIS 90984, at *2 (S.D. Ohio July 4, 2010).

When "addressing a motion to dismiss based on ineffective service of process, the [c]ourt necessarily must review matters outside the pleadings." Pers. Brokerage Serv., LLC v. Lucius,

3

No. 05-1663, 2006 WL 2975308, at *1 (D. Minn. Oct. 16, 2006). "The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion." Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). To assist the court in determining factual issues, the "[p]arties may submit affidavits and exhibits with a motion to dismiss under Rule 12(b)(5)." Travelers Cas. & Sur. Co. v. Telstar Constr. Co., 252 F. Supp. 2d 917, 922 (D. Ariz. 2003). Both plaintiffs and defendants may produce "affidavits, discovery materials, and other admissible evidence." Mintel Learning Tech, Inc. v. Beijing Kaidi Educ. Dev. Co., Ltd., No. C 06-7541 PJH, 2007 U.S. Dist. LEXIS 27213, at *2 (N.D. Cal. March 28, 2007); see also Travelers Cas. & Sur. Co., 252 F. Supp. 2d at 922-23 (collecting cases where courts considered affidavits and exhibits in response to motions to dismiss under Rule 12(b)(5)).

The Sixth Circuit has not addressed how a plaintiff may satisfy its burden of proof, but other Circuits have. Odyssey Med., Inc. v. Augen Opticos, S.A. de C.V., 2011 U.S. Dist. LEXIS 110358, at *9 (W.D. Tenn. Sept. 26, 2011). "[T]o make a prima facie showing [of service], the movant must simply produce a return of service identifying the recipient." Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010). Such an affidavit "can be overcome only by strong and convincing evidence." SEC v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1166 (9th

4

Cir. 2007) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).  Although a "process server's affidavit of service establishes a prima facie case" of service, "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption."  Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc. 301 F.3d 54, 57 (2d Cir. 2002); see also People's United Equip. Fin. Corp. v. Hartmann, No. 10-20875, 2011 U.S. App. LEXIS 16560, at *5, (5th Cir. Aug. 9, 2011) (requiring "strong and convincing" evidence to overcome a plaintiff's prima facie evidence).

The weight of authority is clear that "[a] process server's affidavit of service . . . establishes a presumption of service."  McCombs v. Granville Exempted Vill. Sch. Dist., No. 2:07-cv-00495, 2009 U.S. Dist. LEXIS 14044, at *12 (S.D. Ohio, Feb. 24, 2009) (quoting State Farm Automobile Ins. Co. v. CPT Medical Service, Inc., No. 04-CV-5045, 2005 U.S. Dist. LEXIS 44862 (E.D.N.Y. Oct. 6, 2005)).  The defendant has the burden of rebutting the plaintiff's prima facie case.

### B. Personal Jurisdiction

Motions to dismiss for lack of personal jurisdiction are considered under a "procedural scheme" that is "well-settled."  Theunissen, 935 F.2d 1454, 1458 (6th Cir. 1991).  "A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction

5

over the person of a non-resident defendant." Theunissen, 935 F.2d at 1459; accord Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 965-66 (W.D. Tenn. 2004).

When a defendant moves to dismiss a case on personal jurisdiction grounds, the plaintiff "need only make a prima facie showing that personal jurisdiction exists." Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 549 (6th Cir. 2007) (quoting Theunissen, 935 F.2d at 1458). The analysis requires two steps. The Court first examines Tennessee's long-arm statute "to see if it permits jurisdiction and then applies the Due Process Clause of the Fourteenth Amendment to determine if the exercise of personal jurisdiction would be constitutional." Ellipsis, Inc., 329 F. Supp. 2d at 966 (citing Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000)).

"Where the state long-arm statute extends to the limits of the Due Process Clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." Bridgeport Music, Inc. v. Still N The Water Publ'g, 327 F.3d 472, 477 (6th Cir. 2003). The Tennessee Supreme Court has interpreted Tennessee's long-arm statute to apply "coextensively" and to the full range allowed by the Due Process Clause. Ellipsis, Inc., 329 F. Supp. 2d at 966 (citing Tenn. Code Ann. § 20-2-214(a)(6); see also Payne v. Motorists' Mut. Ins. Cos., 4 F.3d

6

452, 455 (6th Cir. 1993) ("the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical."). Thus, the sole inquiry is whether exercising personal jurisdiction over Harrison Poultry is consistent with Due Process. See Bridgeport Music, Inc., 327 F.3d at 477.

Under the Due Process Clause of the United States Constitution, "personal jurisdiction over a defendant arises 'from certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Reynolds v. Int'l Amateur Ath. Fed'n, 23 F.3d 1110, 1116 (6th Cir. 1995) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (alterations in original)). Jurisdiction may be general or specific. Bird v. Parsons, 289 F.3d 865, 873 (6th Cir. 2002). General jurisdiction is appropriate only when "a defendant's contacts with the forum state are of such a continuous and systematic nature" that personal jurisdiction would be proper "even if the action is unrelated to the defendant's contacts with the state." Third Nat'l Bank v. WEDGE Group, Inc., 882 F.2d 1078, 1089 (6th Cir. 1989). Specific jurisdiction is proper when: (1) the defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arose from the defendant's activities in the forum state; and (3) the consequences caused by the

7

defendant had a substantial enough connection to make the exercise of jurisdiction reasonable. S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968); see also Intera Corp, 428 F.3d 605, 614 (6th Cir. 2005) (applying the Southern Machine test).

Although the Court retains the power to order an evidentiary hearing "if written submissions raise disputed issues of fact or seem to require determinations of credibility," a hearing is unnecessary in this case. Ford Motor Co. v. Great Domains, Inc., 141 F. Supp. 2d 763, 771 (E.D. Mich. 2001) (citing Serras v. First Tenn. Nat'l. Assoc., 875 F.2d 1212, 1214 (6th Cir. 1989)).

**IV. Analysis**

Baxter Bailey makes two principal arguments. First, it argues that Harrison Poultry "has had such systematic and continuous contacts with the State of Tennessee that it is subject to personal jurisdiction in an action wherein the events giving rise to the cause of action did not occur in the State of Tennessee." (Pl.'s Resp. ¶ 7) (emphasis in original.) That general jurisdiction argument is "the one upon which Plaintiff relies." Id. (emphasis in original.) Second, Baxter Bailey argues that the Court has specific jurisdiction because "[s]ome of the [freight] loads in question undoubtedly went through the State of Tennessee." (Id. ¶ 6.)

8

### A. General Jurisdiction

"General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Parsons, 289 F.3d at 871. "'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given." Int'l Shoe, 326 U.S. at 317 (quotations omitted).

Tennessee recognizes that the "threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction." Gordon v. Greenview Hosp., Inc. 300 S.W.3d 635, 647-48 (Tenn. 2009) (citation omitted). "An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant." Id. at 648. General jurisdiction inquiries are "dispute blind, the sole focus being on whether there are continuous and systematic contact between the defendant and the forum." Id. (citing Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331, 339 (5th Cir. 1999)). Inquiries into "continuous and systematic contact" are "extremely fact

9

dependent." Id. General jurisdiction will be found only where the defendant is "engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more officers there; activities that are less extensive than that will not quality for general in personam jurisdiction." Id.

Harrison Poultry submits the affidavit of Larry Guest ("Guest"), a Sales Manager. (See Declaration of Larry Guest, ECF No. 6-1.) Guest swears that Harrison Poultry has never maintained an office, manufacturing plant, warehouse, or other facility within Tennessee. (Id.) Indeed, Guest states that Harrison Poultry has never owned, leased, or rented real or personal property in Tennessee. (Id.) He says that Harrison Poultry employs no workers in Tennessee and has never registered to do business in the state. (Id. at 2.) Harrison Poultry does not maintain a Tennessee postal address. (Id.)

Guest swears that, from June 2008 until August 2011, Harrison Poultry's only customer in Tennessee was Choice Food Group, Inc. (Choice Food Group"). (Id.) During the three-year period that Harrison Poultry did business in Tennessee, it sold approximately 1,338,662 of its 826,586,291 total pounds of chicken products to Choice Food Group. (Id.) That amounts to approximately 0.16% of Harrison Poultry's total business. Harrison Poultry stopped selling to Choice Food Group in August

10

2011, which preceded the filing of this case, and has not since sold any products to customers in Tennessee. (Id.)

If a defendant supports its motion to dismiss for lack of personal jurisdiction by affidavit, "the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." Gordon, 300 S.W.3d at 644 (citing Chenault v. Walker, 36 S.W.3d 45, 56 (Tenn. 2001)). Filing affidavits does not convert the motion into one for summary judgment; the Court must accept as true all the allegations in the Complaint and any supporting papers, and it must resolve all factual disputes in the plaintiff's favor. Id. at 644. Baxter Bailey has not filed supporting affidavits. The Court will rely solely on the Complaint and Harrison Poultry's supporting materials.

Baxter Bailey alleges, "[b]ased on information and belief," that Harrison Poultry has had "substantial and continuous contacts with Tennessee," but the Complaint is silent on the extent and nature of those contacts. (Compl. ¶¶ 3-4.) A defendant's contacts in a Tennessee must be "longstanding," which implies a substantial history of activity. See Gordon, 300 S.W.3d at 648. Here, Harrison Poultry sold chicken to a Tennessee-based company for three years, but discontinued its Tennessee business before this suit was filed. During the three-year period, Harrison Poultry's total Tennessee sales

11

amounted to less than one percent of the company's total revenue. Sales of less than one percent of a company's total revenue are insufficient to establish general jurisdiction. See Brown v. FunKtionwear, Inc., No. 08-14572, 2009 U.S. Dist. LEXIS 72962, at *5 (E.D. Mich. Aug. 18, 2009) (finding no general jurisdiction where a company's sales in Michigan were less than one percent of its annual revenue); Beightler v. Produkte fur die Medizin AG, 610 F. Supp. 2d 847, 852 (N.D. Ohio 2009) (finding no general jurisdiction where "the volume of business [] conducted in Ohio [was] de minimus."); see also Hi-Tex, Inc. v. T.G., Inc., 87 F. Supp. 2d 738, 742-43 (E.D. Mich. 2000) ("Substantially less than one percent of defendant's business in the years 1995 through 1998 was attributable to Michigan-based customers.").

Since 2011, Harrison Poultry has not shipped any of its products to Tennessee. See Hi-Tex, Inc., 87 F. Supp. 2d at 743 ("Defendant does not solicit business in Michigan or ship any of its product to Michigan."). Harrison Poultry neither advertises nor solicits business in Tennessee. See id. Harrison Poultry does not "have a bank account, or otherwise hold itself out as doing business in the state." Beightler, 610 F. Supp. 2d at 852. None of Harrison Poultry's officers maintains an office in Tennessee. See Gordon, 300 S.W.3d at 649-50 (declining to exercise general jurisdiction over a non-resident corporation,

12

in part, because the company's officers did not maintain offices in Tennessee). Harrison Poultry's relationship with Tennessee is "sporadic at best." Beightler, 610 F. Supp. 2d at 852. The Court lacks general jurisdiction.

### B. Specific Jurisdiction

Baxter Bailey alleges, "[b]ased on information and belief," that Harrison Poultry has "had sufficient minimal contacts with the state of Tennessee that are related to the cause of action made the basis for this suit to acquire specific in personam jurisdiction over [Harrison Poultry]." (Compl. ¶ 2.) In its Response, Baxter Bailey asserts that "[s]ome of the [freight] loads in question undoubtedly went through the State of Tennessee." (Pl.'s Resp. ¶ 6.) Harrison Poultry argues that Baxter Bailey has failed to allege specific facts showing that some of the freight loads entered Tennessee. (Def.'s Mem. 4.) Harrison Poultry also argues that evidence of freight moving into a state, without evidence of purposeful availment, would be insufficient to establish specific jurisdiction. (Id. 5.)

The Sixth Circuit applies a three-part test to determine whether a court has specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to

13

> make the exercise of jurisdiction over the defendant reasonable.

Air Prods., 503 F.3d at 550 (emphasis added) (quoting S. Mach. Co., 401 F.2d at 381.

"A defendant may dispute prongs two and three [], but the first prong is key, and whether jurisdiction is proper often boils down to whether the defendant has purposefully availed himself of the forum state." Simplex Healthcare, Inc. v. Marketlinkx Direct, Inc., 761 F. Supp. 2d 726, 730 (M.D. Tenn. 2011); see also Air Prods., 503 F.3d at 550-51. Harrison Poultry has purposefully availed itself if it has engaged "in activity that should provide fair warning that [it] may have to defend a lawsuit there." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Physical presence in the forum state is not required, but a defendant's connection to the forum state must be "substantial," rather than a result of "random," "fortuitous," or "attenuated" circumstances. Air Prods., 503 F.3d at 550. In all cases, Harrison Poultry must "have created the contacts with the forum state." Bridgeport, 327 F.3d at 478.

Harrison Poultry has created no such contacts. Although Harrison Poultry provided delivery destinations to freight drivers Gann had obtained, drivers were not given travel routes when making their deliveries, and Harrison Poultry did not

14

monitor the driving routes that had been selected. (Declaration of Ken House, ECF No. 11) ("House Declaration.") (Id.) Harrison Poultry did not tell Gann (or anyone else) to direct freight drivers to travel through Tennessee. (Id.) Drivers selected the routes that they believed would bring them to the selected destinations. (Id.) On these facts, the Court cannot conclude that Harrison Poultry "purposefully availed [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Jowers v. Beck, No: 1:09-cv-1131-JDB-egb, 2010 U.S. Dist. LEXIS 8781, at *3 (W.D. Tenn. Feb. 2, 2010) (internal quotation omitted).

That the freight cargo traveled through Tennessee is insufficient to satisfy either of the first two prongs of the specific jurisdiction test. Merely passing "through a state is not a sufficient contact to warrant jurisdiction." Shanks v. Wexner, No. 02-7671, 2003 U.S. Dist. LEXIS 4014, at *12 (E.D. Pa. Mar. 18, 2003). Passing through is mere "passive availment of the forum state's opportunities," which is not enough for the Court to exercise specific jurisdiction. See Word Music, LLC v. Priddis Music, Inc., No. 3:07-cv-0502, 2007 U.S. Dist. LEXIS 80374 (M.D. Tenn. Oct. 30, 2007). Indeed, Harrison Poultry "has no present contacts whatsoever with Tennessee except that its product was shipped through the state in transit to a final destination." Miller v. Nippon Carbon, Co., No. 05-2413 B, 2006

15

U.S. Dist. LEXIS 17408, at *12 (W.D. Tenn. Mar. 22, 2006). Finding personal jurisdiction based "on such a minimal contact" would be inconsistent with due process. Id. (citing Lakeside Bridge Steel v. Mountain State Const., 597 F.2d 596 (7th Cir. 1979)). Plaintiff has failed to establish a prima facie case of jurisdiction.

### C. Service of Process

Harrison Poultry argues that, even if the Court exercises personal jurisdiction, Baxter Bailey did not properly serve process on Harrison Poultry.

The Court lacks jurisdiction over Harrison Poultry. The Court need not address Harrison Poultry's Motion on service of process grounds.

### V. Conclusion

For the foregoing reasons, Harrison Poultry's Motion is GRANTED.

So ordered this 14th day of September, 2012.

                                              s/ Samuel H. Mays, Jr._____
                                              SAMUEL H. MAYS, JR
                                              UNITED STATES DISTRICT JUDGE